UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Mark Baratta,<br><br>   Plaintiff,<br><br> v.<br><br>Melissa Gates, et al.,<br><br>   Defendants. | Case No. 3:22-cv-50125<br><br>Honorable Iain D. Johnston |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mark Baratta brings this case, alleging several acts of misconduct by an array of defendants. Before the Court are motions to dismiss from Defendants Melissa Gates and Path to Healing; Defendant Jennifer Heintzelman; and Defendants Dixon Public School District No. 170, Board of Education of Dixon Community Unit School District No. 170, Margo Empen, Matthew Magnafici, and Melissa Gates[1] ("School Defendants"). For the following reasons, the Court grants all three motions and dismisses this case without prejudice.

**I. Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b) challenges the sufficiency of the plaintiff's complaint. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). A motion under Rule 12(b)(1) tests whether the court

---

[1] Ms. Gates is listed multiple times as a defendant.

1

has subject matter jurisdiction. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A court lacks jurisdiction if the plaintiff does not have standing. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998); *see also St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 626 (7th Cir. 2007). To have standing, the plaintiff must have "suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 691–92 (7th Cir. 2015); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). To be "particularized," the injury "must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. The injury must also be "actual or imminent, not 'conjectural' or 'hypothetical.'" *Id.* at 560 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). As the party invoking federal jurisdiction, the plaintiff bears the burden of establishing the required elements. *Remijas*, 794 F.3d at 691.

To survive a motion under Rule 12(b)(6), a plaintiff must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a complaint to be plausible, the plaintiff must plead factual content that allows the Court to draw a reasonable inference that the defendants are liable for the alleged misconduct. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). The moving party bears the burden of establishing the insufficiency of the plaintiff's allegations. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

On facial, not factual, challenges to jurisdiction under Rule 12(b)(1) and under Rule 12(b)(6), the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *Berkowitz*, 896 F.3d at 839; *Ctr. for Dermatology*, 770 F.3d at 588. The Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 578 (7th Cir. 2009). When presented with both types of motions to dismiss, the Court addresses the jurisdictional question first, as it is a threshold question. *Steel Co.*, 523 U.S. at 94. If the Court concludes that it lacks subject matter jurisdiction over a claim, it must dismiss the claim in its entirety. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

## II. Background[2]

In May 2017, Mr. Baratta and Ms. Heintzelman, following their divorce, were granted equal parenting time of their son B.B. Dkt. 48 ¶¶ 16–17. Then in July 2017, Ms. Heintzelman removed B.B. from Mr. Baratta's custody. *Id.* ¶ 19. After three years without seeing his son, Mr. Baratta filed a petition for indirect civil contempt against Ms. Heintzelman in 2020. *Id.* ¶ 23. During the court proceedings, Ms. Gates (who owns Path to Healing) testified that she had been treating B.B. since September 18, 2018. *Id.* ¶ 24–25. Ms. Gates also testified that B.B. was afraid of Mr. Baratta because of his abusive behavior and that Mr. Baratta had threatened Ms. Gates. *Id.* ¶ 25. However, both B.B. and Ms. Heintzelman had testified that B.B. was not in treatment. *Id.* ¶ 26. During these proceedings, Ms. Heintzelman

---

[2] All facts are drawn from Mr. Baratta's second amended complaint and must be accepted as true at this stage. *See Carlson*, 758 F.3d at 826.

3

also testified that Mr. Baratta had failed to make child support payments, despite Mr. Baratta's evidence to the contrary. *Id.* ¶ 49–51. On November 20, 2020, Ms. Heintzelman was held in contempt of court, but Mr. Baratta also lost custody of B.B. *Id.* ¶ 28.

B.B. struggled in school, and Mr. Baratta was concerned about B.B.'s education, learning disability, and behavioral issues. On October 27, 2021, Mr. Baratta emailed Mr. Magnafici, B.B.'s school principal. *Id.* ¶ 31. After two more emails in November, Mr. Magnafici replied back, saying he would be in touch "shortly" to talk about B.B., but that never happened. *Id.* ¶ 34. Mr. Baratta insists that there were no reported issues with B.B. until B.B. was removed from Mr. Baratta. *Id.* ¶ 39.

On July 20, 2022, Mr. Baratta met with two school district employees—a lunchroom aid and a teacher—who told him that B.B. was the victim of bullying and unfairly disciplined by Mr. Magnafici. *Id.* ¶ 42. For example, one time B.B. was sitting by himself eating lunch when some students approached; they hit him on the head and threw applesauce in his hair, but Mr. Magnafici disciplined B.B. after the lunchroom aid defused the situation and explained what happened. *Id.* Mr. Baratta then asked other parents to come forward with stories of their children being bullied, and he learned of many incidents where the school didn't properly handle bullying or harassment. *Id.* ¶ 43.

4

Mr. Baratta was also denied entrance to his daughter's high school graduation because he didn't receive a ticket and he wasn't vaccinated for COVID-19. *Id.* ¶ 46.

Mr. Baratta ties all of this together by claiming Defendants conspired against him. *Id.* ¶¶ 36, 45. Ms. Heintzelman and Ms. Gates planned the testimony that led to his loss of custody, and they also made the school let B.B. advance in grade level despite subpar performance. *Id.* ¶¶ 25–26, 30, 52. The "silent treatment" from Mr. Magnafici (and School Defendants more generally) was designed to block information about B.B.'s issues at school affecting Mr. Baratta's custody battle, thereby helping Ms. Heintzelman keep B.B. away from Mr. Baratta. *Id.* ¶ 34.

### III. Analysis

Mr. Baratta brings nine claims in his second amended complaint, most of which fail for lack of standing. At the outset, the Court notes that in many of the claims, Mr. Baratta alleges injuries that his son has suffered. However, although pro se parents are free to represent themselves in court, they cannot appear as legal representatives for their minor children. *See Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001). So Mr. Baratta also cannot allege such injuries on behalf of his son to circumvent the standing requirement that he show a particularized injury.

As for the few claims where Mr. Baratta has alleged a redressable injury caused by Defendants sufficient to establish standing, those claims fail because he relies on conclusory statements without factual details to support the claims that he alleges.

### A. Counts I–II (ADA and Rehabilitation Act)

Count I is a claim under the American with Disabilities Act, and Count II is under the Rehabilitation Act. Mr. Baratta lacks standing on both counts because he fails to allege any concrete and particularized injury that he personally suffered. Count I states that Mr. Baratta "has suffered and continues to suffer injury," Dkt. 48 ¶ 61, but that threadbare recitation is not enough. *See Brooks*, 578 F.3d at 578. Otherwise, Counts I and II allege only injuries that Mr. Baratta's son has suffered. Dkt. 48 ¶¶ 54, 58–60, 62, 66. Because Mr. Baratta fails to establish any injury under the ADA or Rehabilitation Act, Counts I and II are dismissed. *See Lujan*, 504 U.S. at 560 & n.1.

### B. Counts III–IV (Equal Protection)

Count III is an equal protection claim under the due process clause of the Fourteenth Amendment to the U.S. Constitution. The only allegation of injury in Count III is that Mr. Baratta's son has had his constitutional right to equal protection violated. Dkt. 48 ¶ 72. Invoking the Illinois Constitution's counterpart to the Fourteenth Amendment's Due Process Clause of the U.S. Constitution, Mr. Baratta similarly describes only injuries to his son. *Id.* ¶ 76. Because Mr. Baratta fails to allege an injury that he has suffered himself, Counts III and IV are dismissed. *See Lujan*, 504 U.S. at 560 n.1.

### C. Count V (Equal Protection)

Count V is another equal protection claim under the Fourteenth Amendment, but this time Mr. Baratta does allege that *his* constitutional right was violated as a result of the School Defendants' conduct. He describes how he was unable to attend

6

his daughter's high school graduation because the school's policy allowed a person to attend only if given a ticket by a graduate or if vaccinated. Dkt. 48 ¶¶ 79–82.

To establish a prima facie case of discrimination, Mr. Baratta must "show that he is a member of a protected class, that he is otherwise similarly situated to members of the unprotected class, and that he was treated differently from members of the protected class." *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005). Mr. Baratta fails to allege that he belongs to a protected class in his complaint. In his response brief, Mr. Baratta argues that he faces discrimination based on his sex, sexuality, and religion. Dkt. 65 at 3. However, Mr. Baratta cannot amend his complaint to add claims in a response to a motion to dismiss. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011). Without a factual allegation of belonging to a protected class, there is no plausible equal protection claim, so Count V is dismissed.

### D. Count VI (Fraud)

In Count VI, Mr. Baratta alleges that he relied on false statements from Ms. Gates and Ms. Heintzelman. However, the only injury that he alleges is that his son did not receive help "in his mental, psychological and educational development, including an Individual Education Plan." Dkt. 48 ¶¶ 86–87. Like with Counts I through IV, Mr. Baratta fails to establish an injury that he personally suffered, and so he lacks standing. *See Lujan*, 504 U.S. at 560 n.1. Count VI is dismissed.

### E. Count VII (Intentional Infliction of Emotional Distress)

In Count VII, Mr. Baratta alleges that Defendants' conduct not only made him nervous and irritable, but also deprived him of participating in the upbringing

7

of his children. Dkt. 48 ¶ 91. However, he provides no detail as to what Defendants did. *See id.* ¶¶ 89–91. The conclusory phrases "intentional acts" and "wrongful acts" do not "present a story that holds together." *Carlson*, 758 F.3d at 827. Mr. Baratta fails to allege a plausible claim of intentional infliction of emotional distress, so Count VII is dismissed.

### F. Counts VIII–IX (Negligence and Civil Conspiracy)

Finally, the last two counts of the complaint also lack the detail needed to establish standing. Each count contains a conclusory statement of suffering damages, *see* Dkt. 48 ¶¶ 95, 98, but there are no factual allegations that describe an injury, so Mr. Baratta has failed to establish standing. *See Brooks*, 578 F.3d at 578. Counts VIII and IX are dismissed.

## IV. Conclusion

The Court grants all Defendants' motions to dismiss. This case is dismissed without prejudice.

Date: December 22, 2023

_____
Honorable Iain D. Johnston
United States District Judge

8